# JAMES D. HALL *et al.*

### *v.*

# CHARLES E. HENDERSON.

1. FAILURE OF CONSIDERATION—*when note is given for draft.* Where a promissory note is given for a draft assigned by the payee of the note to the maker, and an agreement executed at the same time that, in the event the maker of the note could not "collect or realize" on the draft, he was to be released from the payment of the note, no recovery can be had on the note where the maker has been unable to realize anything on the draft.

2. And the fact that the assignee of such draft becomes indebted to the drawer, does not change the rule or show that the holder has realized anything on it, when no suit has been brought by the drawer on his demand to enable the holder to set off the draft against the same.

APPEAL from the Circuit Court of Ford county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This suit was brought by J. D. & H. C. Hall, against Charles E. Henderson, in the circuit court of Ford county. The declaration is in assumpsit, and contains one special count upon a promissory note, and the common counts. All the evidence offered by plaintiffs, in the first instance, was the note described in the special count of the declaration. At the same time, and as a part of the same transaction with the giving of the note, plaintiffs executed and delivered to defendant the following agreement: "We hereby agree to release Charles E. Henderson from the payment of a certain promissory note for four hundred dollars, of this date, which he has drawn to our order, in the event that he should fail to collect or realize on a certain draft dated September 21, 1870, for $533, drawn by William Becket to our order, which we have this day transferred to said Henderson."

On the first trial the jury found for defendant. That verdict the court set aside and awarded a new trial. On a second trial the court, to whom the cause was submitted without the intervention of a jury, found for plaintiffs $66.15, and rendered judgment for them for that sum. Plaintiffs, being dis-

satisfied with the amount of the judgment in their favor, bring the cause to this court on appeal. Defendant has assigned no cross-errors.

Mr. M. H. CLOUD, and Mr. C. H. WOOD, for the appellants.

Messrs. POLLOCK & SAMPLE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The note upon which the action was brought was given in consideration of the assignment, by plaintiffs to defendant, of a draft drawn by William A. Becket upon Leckie, Sellars & Co., and accepted by that firm, payable to the order of plaintiffs, with the distinct agreement, in the event defendant could not "collect or realize" on the draft, he was to be released from the payment of the note. It is not pretended there was any consideration for the note, other than the draft, and the transaction was itself a mere experiment, with but little, if any, confidence that any success would attend it. Both drawer and drawees were insolvent at the time of making the note and agreement, and this fact was well known to the parties. It is not claimed defendant ever collected anything on the draft; but it is insisted, because he had a deal with the drawer, by which defendant became indebted to him in a sum in excess of the amount of this draft, he has in some way "realized" on the draft. This is a misapprehension of the facts. That claim has not yet been settled. No action was ever brought upon it, so that defendant has had, as yet, no opportunity to use it as a set-off if he desired to do so. Evidence offered shows defendant has another claim against Becket, on a draft to near the amount of his indebtedness, that he could as well have used as a set-off, in case he was sued, as the draft of plaintiffs.

Defendant made an effort to get Becket to take the draft on his indebtedness, but he declined to do it. In no event was defendant to pay the note unless he "collected or realized" on the draft. This he has not done. He was not obligated to

use any legal measures to enforce collection of the draft. It was never contemplated he would do more than use it as a set-off in case he was sued by Becket. Whether he could have used the draft, or any part of it, as a set-off, had he been sued by Becket, is a question we need not now consider. It is sufficient for the present defense he has not done it.

Under the evidence in the record, the court ought to have found the issues for defendant; but as he has assigned no cross-errors, as was his privilege under the statute, we must understand he is satisfied with the judgment, and it will be affirmed.

*Judgment affirmed.*